UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
SANA KNEIFATI,

                Plaintiff,

  -against-

PLANET FITNESS ASSETCO LLC,

                Defendant.
----------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

      Plaintiff, by her attorneys, **BRAND, GLICK & BRAND**, complaining of the Defendant, respectfully alleges, upon information and belief:

1. Plaintiff, **SANA KNEIFATI**, is a resident of the State of Queens.

2. Plaintiff brings the present action under the laws of the State of New York

3. That at all times hereinafter mentioned and upon information and belief, the Defendant, **PLANET FITNESS ASSETCO LLC**, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

4. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **PLANET FITNESS ASSETCO LLC**, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **PLANET FITNESS ASSETCO LLC**, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of Delaware.

6. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **PLANET FITNESS ASSETCO LLC**, was and still is a foreign corporation organized and existing under and by virtue of the Laws of the State of New York with its primary place of business at 850 New Burton Road, Suite 201, Dover, Delaware 19904.

7. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **PLANET FITNESS ASSETCO LLC**, was and still is a foreign corporation, licensed to do business in the State of New York, having registered with the State of New York.

8. That at all times hereinafter mentioned and upon information and belief, the defendant, **PLANET FITNESS ASSETCO LLC**, was and still is a limited liability corporation organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned and upon information and belief, the defendant, **PLANET FITNESS ASSETCO LLC**, was and still is a Delaware foreign limited liability corporation.

10. Upon information and belief, at all times hereinafter mentioned, defendant, **PLANET FITNESS ASSETCO LLC**, was and still is a proprietorship and/or partnership and/or business organization, duly organized and existing under and by virtue of the laws of the State of New York, having its principal place of business at 850 New Burton Road, Suite 201, Dover, Delaware 19904.

11. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **PLANET FITNESS ASSETCO LLC**, was and is a non-corporate entity, regularly doing business in the State of New York.

12. That at all times hereinafter mentioned, and upon information and belief, the Defendant, **PLANET FITNESS ASSETCO LLC**, maintained a principal place of business in the State of Delaware.

13. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332 in that it is a Civil Action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

14. That on August 10, 2019, and at all times herein mentioned, Defendant, **PLANET FITNESS ASSETCO LLC**, owned the premises located at 38 Great Neck Road, Great Neck, County of Nassau, State of New York.

15. That on the August 10, 2019 and at all times herein mentioned, the aforesaid premises were operated by Defendant, **PLANET FITNESS ASSETCO LLC**.

16. That on the August 10, 2019 and at all times herein mentioned, the aforesaid premises were maintained by Defendant, **PLANET FITNESS ASSETCO LLC**.

17. That on August 10, 2019, and at all times herein mentioned, the aforesaid premises

were managed by Defendant, **PLANET FITNESS ASSETCO LLC**.

18. That on August 10, 2019, and at all times herein mentioned, the aforesaid premises were controlled by Defendant, **PLANET FITNESS ASSETCO LLC**.

19. That on August 10, 2019, and at all times herein mentioned, the aforesaid premises were supervised by Defendant, **PLANET FITNESS ASSETCO LLC**.

20. That on August 10, 2019, and at all times herein mentioned, the aforesaid premises were constructed by Defendant, **PLANET FITNESS ASSETCO LLC**.

21. That on August 10, 2019, and at all times herein mentioned, the aforesaid premises were repaired by Defendant, **PLANET FITNESS ASSETCO LLC**.

22. On the August 10, 2019, and at all times hereinafter mentioned, the Defendant, **PLANET FITNESS ASSETCO LLC**, leased the aforesaid premises.

23. That on or about August 10, 2019, the defendants negligently, recklessly and carelessly allowed and/or permitted the aforesaid premises, appurtenances, constructed devices and/or objects and or and/or receptacle in the general fitness area and/or within the premises to be, become and remain in a dangerous, defective and/or hazardous condition.

24. That on or about August 10, 2019 the defendants negligently, recklessly and carelessly allowed and/or permitted the receptacle in the aforesaid premises to be, become and/or remain in a dangerous and/or hazardous location and/or area such that same became and/or posed a trip and/or fall hazard within the general fitness area and to all invited guests therein.

25. That the defendant herein were negligent and careless in that they violated their duty to persons lawfully on the aforesaid premisses and to this plaintiff in particular and knowingly permitted and/or allowed the aforesaid premises, appurtenances, objects and/or receptacle within the premises to be, become and remain in a dangerous, defective and/or hazardous condition. The Defendant were further negligent in failing to take suitable precautions for the safety of persons lawfully on the aforesaid premises.

26. That at all times hereinafter mentioned, and on August 10, 2019, Plaintiff, **SANA KNEIFATI**, was a member of the Planet Fitness Gym located at 38 Great Neck Road, Great Neck,

New York.

27. That on August 10, 2019 Plaintiff, **SANA KNEIFATI**, was lawfully on the aforesaid premises.

28. That on August 10, 2019, Plaintiffs, **SANA KNEIFATI**, were lawful pedestrians and/or patrons at the above-mentioned location.

47. That on August 10, 2019, while Plaintiff **SANA KNEIFATI** was lawfully and/or traversing at the aforesaid location, Plaintiff was caused to slip and/or trip and/or fall and sustain severe and permanent injuries.

48. That the aforesaid occurrence and resulting injuries to the plaintiff, **SANA KNEIFATI**, occurred solely and wholly by reason of the carelessness, recklessness and negligence of the defendants, by and through their agents, servants and/or employees, including but not limited to: res ispa loquitur; in failing to maintain, control, inspect, repair, supervise, operate and make special use of the area at the aforementioned location; failing to properly maintain, control, inspect, repair, supervise, operate and make special use of the area at the aforementioned location; failing to adequately maintain, control, inspect, repair, supervise, operate and make special use of the area at the aforementioned location; negligently maintaining, controlling, inspecting, repairing, supervising, operating and making special use of the area at the aforementioned location; in creating the unsafe, hazardous, dangerous, defective and/or trap-like condition complained of herein; in failing to remove, repair and/or remedy the unsafe, hazardous, dangerous, defective and/or trap-like condition; in failing to proper install, place, repair, maintain, space, control, replace, inspect, the receptacles more specifically, the receptacle in or about the general fitness area at said premises; in failing to adequately remove, repair and/or remedy the unsafe, hazardous, dangerous, defective and/or trap-like condition, more specifically, the receptacles in or abut the general fitness area at said premises; in violating their duty to persons lawfully on the aforesaid premisses and to this plaintiff in particular and knowingly, permitting and/or allowing the aforesaid premises, appurtenances, objects and/or receptacle in and around the aforementioned location to be, become and remain in a defective, dangerous and/or hazardous condition and was further negligent in failing to take

suitable precautions for the safety of persons lawfully on the aforesaid premises.

29. That the limited liability provisions of CPLR 1601 do not apply pursuant to one or more exceptions of the CPLR to wit: that the owner of the premises had a non delegable duty to provide for the safety of its members. corporation organized and existing under and by virtue of the Laws of the State of New York.

49. That, upon information and belief, Defendants had actual notice of this defective condition prior to August 10, 2019.

50. That, upon information and belief, Defendants had constructive notice of this defective condition prior to August 10, 2019.

51. That no negligence on the part of the Plaintiffs contributed to the occurrence alleged herein in any manner whatsoever.

52. That because of the above stated premises, Plaintiff, **SANA KNEIFATI**, was caused to sustain serious bodily injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiffs have been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiffs were and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

53. That by reason of the foregoing, Plaintiff, **SANA KNEIFATI**, was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff, **SANA KNEIFATI,** demands judgment against the Defendants in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction;, together with the costs and disbursements of this action.

Dated:  Garden City, New York
         November 12, 2021

Yours, etc.

**_Robert S. Mazzuchin /s/_**
ROBERT S. MAZZUCHIN (RM-3655 )
BRAND, GLICK & BRAND
Attorneys for Plaintiff
600 Old Country Road, Suite 440
Garden City, NY 11530
(516) 746-3500
Our File No. 11506